IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND BOND,
    On behalf of himself and
    others similarly situated,
        Plaintiff,

v.

CARTER EXPRESS, INC., et al.,
        Defendant.

Case No. 3:24-cv-13

JUDGE WALTER H. RICE

---

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING THE SETTLEMENT CLASSES, DESIGNATING PLAINTIFFS' REQUESTED CLASS REPRESENTATIVE, PROVISIONALLY APPROVING THE SERVICE AWARD FOR THE CLASS REPRESENTATIVE, APPOINTING SETTLEMENT CLASS COUNSEL, PROVISIONALLY APPROVING CLASS COUNSELS' REQUEST FOR ATTORNEYS' FEES AND COSTS, APPROVING FORMS AND MANNER OF NOTICE, AND SCHEDULING FAIRNESS HEARING ON JULY 15, 2025 AT 1:30 P.M.

---

Plaintiff Raymond Bond, on behalf of himself and all others similarly situated, has moved for an order: (1) preliminarily approving the proposed settlement; (2) provisionally certifying the settlement class described in their attached Memorandum of Law and Settlement Agreement; (3) approve the form, content, and distribution of the class notice; (4) designating Raymond Bond as the class representative; (5) provisionally approving the service award for the class representative; (6) appointing settlement Class Counsel and provisionally approving the Class Counsel's request

for attorneys' fees and costs; and (7) scheduling a final fairness hearing on this matter.[1] Doc. #28, PageID #246. Defendant Carter Express, Inc. ("Defendant") does not oppose these requests. *Id.*

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, all exhibits attached thereto, and has considered the filings, records, pleadings, and arguments of Counsel in this matter.

On the basis thereof, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the partes.

2. The Settlement Agreement: (a) is the product of an extensive mediation process facilitated by an experienced mediator with knowledge and experience; (b) is the result of arm's length negotiations between experienced attorneys; (c) is sufficient to warrant notice of the settlement to the Settlement Class; (d) meets all requirements of law; and (e) is not a finding or admission of liability by the Defendant or any other person, not a finding of the validity of any of the claims asserted in the litigation or of any wrongdoing or violation of law.

**I.  Certification of the Settlement Class, Appointment of Class Representative and Class Counsel**

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

2

3. For settlement purposes, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of the Settlement Class under the Settlement Agreement, defined as all shunt truck and/or yard truck drivers performing yard work at the Defendant's Vandalia, Ohio and Huntsville, Alabama locations between January 15, 2021, and July 15, 2024.

4. In light of the agreement between the Parties to settle the Action pursuant to the Settlement Agreement, and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to wit:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to members of the Settlement Class;

   c. The claims of the members of the Settlement Class meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a); and

   d. The Representative of the Settlement Class represented by counsel experienced in complex litigation, do and will fairly and adequately protect the interests of the Settlement Class.

5. The questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rules 23(b)(3) and 23(e) — particularly in light of the agreement to settle the Action.

6. Raymond Bond is appointed as the Settlement Class Representative.

7. The requested service award adequately provides compensation to the Settlement Class Representative for their efforts in this case. Because the Settlement Class Representative expended time and resources into this action and bore the risk that future employers may be hesitant to hire them, the Court finds that the service award is reasonable and provisionally approves the award, subject to evaluation in light of any objections.

8. Andrew R. Biller, Andrew P. Kimble, and Emily A. Hubbard of BILLER & KIMBLE, LLC are designated and authorized to act as Counsel for the Settlement Class.

9. Class Counsel's request for one-third of the settlement fund is a standard fee amount in a wage and hour case. Given that the Court has not been presented with compelling or unique circumstances justifying deviation from this practice, the Court provisionally approves the fee award, subject to the Court's evaluation in light of any objections.

10. The Settlement Agreement, and the terms and conditions set forth therein, are within the range of fair, adequate, and reasonable settlements and in the best interests of the proposed Settlement Class, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with further litigation, trial, and/or appeal. The Court therefore preliminarily approves the Settlement Agreement and the Settlement Class for settlement purposes and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

## II. Final Approval and Fairness Hearing

11. A hearing (the "Fairness Hearing" or "Final Approval Hearing") shall be held on **July 15, 2025**, at 1:30 P.M. EDT, before the undersigned, at Walter H. Rice Federal Building and U.S. Courthouse, 200 W. 2nd Street, Dayton, Ohio 45402.

12. The date of the Fairness Hearing will be included in the Notice of Proposed Class Action Settlement. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be fully approved; (b) determine whether an order and judgment should be entered forever releasing Defendant from all Released Claims,

barring class members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other settlement-related matters and appropriate attorney's fees and costs.

13. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Class, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Class.

## III. Notice and Administration

14. The Court appoints CPT Group to serve as Claims Administrator.

15. The Court has reviewed the "Court-Authorized Notice of Class Action Settlement," (the "Notice") attached as Exhibit A to the Settlement Agreement and approves as to form and content the Notice. The Court also approves the method of directing notice to eligible members of the Settlement Class proposed by the Parties in the Settlement Agreement.

16. On or before **February 15, 2025**, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States first-class mail to eligible members of the Settlement Class whose mailing address can be determined through reasonable effort. The Claims administrator also shall mail copies

of the Notice to any other potential members of the Settlement Class that request copies or that otherwise come to its attention.

17. The Court finds that the foregoing plan for notice to eligible members of the Settlement Class will provide the best notice practicable under the circumstances and is in compliance with Federal Rule of Civil Procedure 23, the United States Constitution, and all applicable standards of due process, and this notice plan is protective of the eligible Settlement Class members' rights under any and all applicable laws.

18. Prior to the Fairness Hearing, Counsel for the Settlement Class shall file with the Court an affidavit or declaration from the Claims Administrator confirming that the plan for disseminating the Notice has been accomplished in accordance with the provisions of paragraph 14 above.

## IV. Requests for Exclusion from the Settlement Class and Objections

19. Eligible members of the Settlement Class who wish to exclude themselves from participation in the Settlement Agreement (i.e., opt out of the Settlement Agreement) must request exclusion on or before **April 15, 2025**, in accordance with the instructions set forth in the Notice. Eligible members of the Settlement Class who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the

Court and becomes effective, and by any orders or judgments subsequently entered in the Action, whether favorable or unfavorable.

20. Eligible members of the Settlement Class who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgements subsequently entered in the Action; such eligible members who submit timely and valid requests for exclusion shall be ineligible to receive any share of the Settlement Fund.

21. Eligible members of the Settlement Class who do not request exclusion from (i.e., who do not opt out of) the Settlement Agreement may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorney's fees) on or before **April 15, 2025**, in accordance with the instructions set forth in the Notice.

22. Any eligible member of the Settlement Class who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the eligible member of the Settlement Class has submitted written objections, the individual may pursue those objections. No eligible member of the Settlement Class, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the individual has served and filed by first-class mail, postage prepaid and postmarked, on or before **April 15, 2025**, copies of the statement of objection, together with any supporting brief and all other papers the individual

wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Settlement Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Settlement Class Member may appear and personally object. Any such objection, brief, notice of appearance, or other related document must be mailed to the Court at the following address: Hon. Walter H. Rice, Walter H. Rice Federal Building and U.S. Courthouse, 200 W. 2d Street, Dayton, Ohio 45402.

23. To be considered by the Court, full and complete copies of each objection, papers submitted in support of an objection, and notices of appearance must also be mailed to all counsel for Defendant and the Settlement Class at the following addresses:

*To Plaintiff/Class Members:*

BILLER & KIMBLE, LLC
Andrew R. Biller
Andrew P. Kimble
Emily A. Hubbard
8044 Montgomery Road, Suite 515
Cincinnati, Ohio 45236
Facsimile: (614) 340-4620
Email: abiller@billerkimble.com
Email: akimble@billerkimble.com
Email: ehubbard@billerkimble.com

*To Defendant/Carter Express, Inc.*
SCOPELITIS GARVIN LIGHT HANSON & FEARY, PC

Clifford W. Lauchlan
5325 Deerfield Boulevard, Suite 103
Mason, Ohio 45040
Email: clauchlan@scopelitis.com

Andrew J. Butcher
30 W. Monroe Street, Suite 1600
Chicago, Illinois 60603
Email: abutcher@scopelitis.com

A. Jack Finklea
Janis E. Steck
10 W. Market Street, Suite 1400
Indianapolis, IN 46204
Email: jfinklea@scopelitis.com
Email: jsteck@scopelitis.com

24. Unless otherwise directed by the Court, any Settlement Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

## V. Additional Matters

25. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action as related to the Settlement Class, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

26. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement. The Court may approve the

settlement, with such modifications as appropriate, without further notice to the Settlement Class.

27. If this Court grants final approval of the Settlement Agreement, then each Settlement Class Member who has not timely opted out of the Settlement Class shall, by Order of this Court, fully finally, and forever release, remise, acquit, waive, and forever discharge Defendant of and from any and all Released Claims and shall be forever enjoined from prosecuting any or all Released Claims against Defendant. "Released Claims" means any claims, whether under state or federal law, including the Fair Labor Standards Act, of alleged unjust and/or improper (a) classification as exempt from overtime laws; (b) failure to pay overtime; (c) failure to pay all wages when due; (d) failure to calculate and/or pay overtime compensation; (e) failure to pay all monies owed for work performed in breach of express contract or labor agreement, implied contract, or assumpsit, or in violation of the doctrines of quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, or conversion; (f) failure to keep and maintain any records as required under applicable wage and hour laws; (g) failure to provide benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; (h) deductions from compensation and/or wages; (i) failure to pay, indemnify, and/or reimburse for work related expenses; and

(j) failure to provide proper pay stubs or other records related to hours worked, wages earned, and/or payroll deductions.

28. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been consummated, and no Party shall assert that another Party is estopped from taking any position relating to class certification.

29. If the proposed Settlement Agreement is not approved by the Court in accordance with its terms or if the Settlement Agreement for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement, including this Order (except as to this paragraph, paragraphs 26 and 28, *supra*, and paragraphs 30 and 31, *infra*), along with any judgment entered herein, shall become void and shall have no further force or effect. In such an event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

30. Defendant shall have the right to rescind its participation in the Settlement Agreement process per the terms in the Settlement Agreement. If Defendant in the action rescinds its participation in the Settlement Agreement, it

12

shall send written notice of this election to Class Counsel before the parties seek final approval of the Settlement Agreement from the Court. If this occurs, the Parties shall promptly advise the Court and the case will proceed consistent with paragraphs 28, 29, and 31 of this Order.

31. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, any Settlement Class Member, Defendant, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

**IT IS SO ORDERED.**

Date: January 14, 2025                    *Walter H. Rice*

                                          WALTER H. RICE
                                          UNITED STATES DISTRICT JUDGE