IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Raymond Bond,<br><br>*On behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Carter Express, Inc.<br><br>Defendant. | Case No. 3:24-cv-00013-WHR-CHG<br><br><br><br>Judge Walter H. Rice<br><br>Magistrate Judge Caroline H. Gentry |

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

## I.   INTRODUCTION

On January 14, 2025, this Court preliminarily approved the settlement agreement entered into between Plaintiff Raymond Bond, on behalf of himself and all other similarly situated, and Defendant Carter Express, Inc. to resolve the claims asserted in this lawsuit.

The parties have completed the Settlement Notice process. The class's reaction to the settlement has been overwhelmingly positive. No class members opted out or objected to the settlement.

Plaintiff now asks the Court to grant final approval of the parties' settlement agreement so that the settlement checks can be issued to the class members. The Defendant does not oppose this request.

1

## II. UPDATE SINCE THE COURT'S PRELIMINARY APPROVAL ORDER

### A. The Court's Preliminary Approval Order

The Court granted preliminary approval of the parties' settlement in January 2025. *See* Doc. 29. In doing so, the Court certified the following Rule 23 and FLSA collective settlement class:

> All shunt truck and/or yard truck drivers performing yard work at the Defendant's Vandalia, Ohio and Huntsville, Alabama locations between January 15, 2021, and July 15, 2024.

*Id*. at ¶ 3.

Second, the Court preliminarily approved the parties' proposed settlement agreement, finding that it falls "within the range of fair, adequate, and reasonable settlements," and that it "is the result of arms-length negotiations between experienced attorneys." Doc. 29, ¶ 2, ¶ 10.

Third, the Court found that the proposed Settlement Notice satisfied the requirements of Rule 23(e) and Due Process by adequately advising proposed class members of their rights under the settlement agreement. *Id*. at ¶ 17.

Fourth, the Court noted that Counsel's request for one-third of the settlement fund is a standard fee amount in a wage and hour case and provisionally approved the attorneys' fees and costs. *Id*. at ¶ 9.

Fifth, the Court approved the proposed service award "subject to evaluation in light of any objections." *Id*. at ¶ 7.

### B.   The Notice Process

Since the Court's preliminary approval order, the parties have worked together with the claims administrator to complete the notice process in accordance with the Court's preliminary approval Order. The Claims Administrator prepared and caused individual copies of the Notice to be sent on February 14, 2025. Ex. 1, Declaration of Christian Labow, CPT Group, ¶ 6. In the weeks that followed, additional Notices were sent to individuals whose original Notice was returned following attempts to locate updated address information. *Id*. at ¶¶ 7-8. The Administrator reported two underliverable Notices and received zero requests for exclusion, zero disputes regarding workweeks, and zero objections to the settlement. *Id*. at ¶¶ 8-9.

## III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT.

Now that the Notice process is complete, the Court has the final piece of information necessary for evaluating whether to approve the settlement—the class's reaction. Because the absence of objections or opt outs indicates that the class's reaction to the settlement is positive, the Court should grant final approval of the parties' settlement agreement.

### A. The settlement is fair, reasonable, and adequate.

Courts typically use a three-step process for approving class-wide settlements: (1) the Court determines whether to preliminarily approve the settlement; (2) notice of the settlement is sent to interested persons; and (3) the Court decides whether to finalize approval of the settlement after holding a fairness hearing. *Waters v. Pizza to You, LLC*, No.

3:19-cv-372, 2022 U.S. Dist. LEXIS 26005, at *3 (S.D. Ohio Feb. 9, 2022) (citing *Merkner v. AK Steel Corp.*, No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 157375, at *1 (S.D. Ohio Jan. 10, 2011)). Preliminary approval is based on "whether the settlement falls within the range of reasonableness." *Waters*, 2022 U.S. Dist. LEXIS 26005, at *3. If the Court finds the proposed settlement reasonable, the Court then authorizes sending notice to the settlement class to confirm the Court's determination. *Id.*; Fed.R.Civ.P. 23.

Courts assess a proposed class settlement to determine whether it is fair, reasonable, and adequate to class members. *McDonald v. Med. Mut. of Cleveland, Inc.*, 41 Ohio Misc. 158, 161, 324 N.E.2d 785, 788 (Ct. Com. Pl. 1974); *Toledo Fair Hous. Ctr. v. Nationwide Mut. Ins. Co.*, 94 Ohio Misc. 2d 186, 188, 705 N.E.2d 1, 2 (Ct. Com. Pl. 1998). Courts in the Sixth Circuit consider six factors when deciding whether to approve a settlement. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and amount of discovery completed; (3) the judgment of experienced trial counsel; (4) the nature of the negotiations; (5) any objections from class members; and (6) the public interest. *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 894–85 (6th Cir. 2019) (citing *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)). In evaluating whether to approve a Rule 23 settlement, courts in the Sourthern District of Ohio have considered:

1. Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;
2. The complexity, expense and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The judgment of experienced trial counsel;

4

5. The nature of the negotiations;
6. The objections, if any, raised by the class members; and
7. The public interest.

*See, e.g., Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 U.S. Dist. LEXIS 74994, *19-20 (S.D. Ohio May 30, 2012).

Likewise, in evaluating an FLSA settlement and an Ohio wage and hour settlement, the Court's role "is comparable to that of a court in a settlement of class action…" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, *18, *quoting Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, *12 (N.D. Ohio Mar. 8, 2010). The Court must ensure that the settlement is (1) the product of a bona fide dispute; (2) fair, reasonable, and adequate; and (3) reached through arms-length negotiation. *Id*. As described below, the proposed settlement meets this standard.

In his Motion for Preliminary Approval, Plaintiff explained why the settlement provides a fair resolution of disputed claims and additional fairness considerations weigh in favor of approving the parties' settlement. *See* Plaintiffs' Unopposed Motion for Preliminary Approval, Doc. 28, pp. 6-11. Plaintiff incorporates those arguments herein. In short, most importantly, the class is receiving *more* than their alleged unpaid wages, despite significant risks and costs associated with going forward. In light of these considerations, the settlement is an excellent result for the class.

Now that the notice process is complete, the Court can evaluate the last factor, *i.e.*, the amount of opposition to the settlement.

There is no opposition to the settlement. Notice was sent to 86 and received by all

but two class members. Ex. 1, ¶ 8. No class members opted out or objected to the settlement. *Id*. at ¶ 9.

### B. The attorneys' fees, costs, and service award should be approved.

Under the FLSA and Rule 23, Plaintiff is entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. 216(b); Fed. R. Civ. P. 23(h). As the Court previously recognized, an attorney fee request for one-third of the settlement fund is a standard fee amount in wage and hour cases and the Court has not been presented with compelling or unique circumstances justifying deviation from this practice. *See* Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, ¶ 9.

The class has now been informed of the fee request. Having received that information, no class member has objected to the attorneys' fee request. This weighs in favor of approving the request. *See* Fed. R. Civ. P. 23(h)(2).

In light of the class's positive reaction, Plaintiff asks that the Court approve the requested attorneys' fees in the amount of $83,333.33.

Next, Plaintiff's counsel seeks reimbursement of $12,592.90 in advanced litigation expenses. These expenses were attributable primarily to litigation consultants, mediation, and case administration costs. These expenses are reasonable and should also be reimbursed.

Finally, Plaintiff asks the Court to approve the service award of $10,000 to Plaintiff Raymond Bond. The Court preliminarily approved the proposed service award "subject to evaluation in light of any objections." *Id*. at ¶ 7. The class has been informed of this

proposed service award and none of them have objected. The service award is reasonable and should be approved. *See, e.g.*, *Young v. Rolling in the Dough, Inc.*, No. 1:17-cv-07825, 2020 U.S. Dist. LEXIS 35941, at *16 (N.D. Ill. Feb. 26, 2020) (approving $10,000 service award); *Mullins v. Southern Ohio Pizza, Inc.*, 2019 U.S. Dist. LEXIS 11019, *16 (S.D. Ohio Jan. 18, 2019) (approving $10,000 service award).

### IV. Conclusion

The parties' settlement is fair, reasonable, and adequate. Plaintiff asks the Court to grant final approval of the settlement and order the parties to carry out the settlement agreement pursuant to its terms.

Respectfully submitted,

/s/*Emily A. Hubbard*
Andrew R. Biller (Bar # 0081452)
Andrew P. Kimble (Bar # 0093172)
Emily A. Farmwald (Bar # 0096032)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*
www.billerkimble.com

*Counsel for Plaintiffs*