In the United States District Court
for the Southern District of Ohio
Western Division at Dayton

| | |
|---|---|
| Raymond Bond,<br><br>*On behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Carter Express, Inc.<br><br>Defendant. | Case No. 3:24-cv-00013-WHR-CHG<br><br><br>Judge Walter H. Rice<br><br>Magistrate Judge Caroline H. Gentry |

ORDER APPROVING CLASS ACTION SETTLEMENT

Plaintiff Raymond Bond, on behalf of himself and all others similarly situated, has moved for an order approving the parties' Class and Collective Action Settlement. On January 14, 2025, the Court preliminarily approved the settlement, attorney's fees, and incentive award and ordered the distribution of notice of the settlement to class members. The notice period has concluded. On July 15, 2025, the Court held a Final Fairness Hearing on this matter. The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, all exhibits attached thereto, and has considered the filings, records, pleadings, and arguments of Counsel in this matter. Based on the record before it, the Court GRANTS the parties' Motion for Settlement Approval.

1. **Background**

Defendant Carter Express Inc. is a logistics company with locations in Ohio, Indiana, Michigan, Tennessee, Alabama, Texas, and Arkansas. Mr. Bond worked for Carter Express as a

1

"yard driver" or a "shunt truck driver." This wage and hour case centers on whether Defendant's pay policy of paying yard drivers "straight time" for hours worked over 40 in a given workweek, rather than time-and-one-half of the individual's regular rate, complies with the FLSA.

Plaintiff contends that he and other yard truck drivers were entitled to overtime wages due to the nature of their work. Plaintiff brought claims under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Plaintiff also brought claims under the Ohio Prompt Pay Act (Ohio Rev. Code § 4111.15), which Plaintiff alleges binds every employer doing business in the state of Ohio without qualification to where the wages are earned,[1] and Ohio Rev. Code § 2307.60.

Defendant disputes that it violated the FLSA at all on the basis that the Plaintiff and other yard truck drivers are subject to the Secretary of Transportation's jurisdiction and exempt from the FLSA's overtime provisions and otherwise disputed and denied Plaintiff's claims and allegations. Following a private mediation, the Parties entered into the Settlement Agreement.

## 2. Legal Standard for Settlement Approval

Courts typically use a three-step procedure for approving class-wide settlements under Federal Rule of Civil Procedure Rule 23.[2] *Merkner v. AK Steel Corp.*, No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 157375, at *1–20 (S.D. Ohio Jan. 10, 2011). First, if the Court finds that it will likely be able to approve the proposal, it must authorize notice of the settlement to the putative class and

---

[1] Ohio Rev. Code § 4113.15; *Parks v. Cent. USA Wireless, LLC*, No. 1:17-cv-448, 2019 U.S. Dist. LEXIS 167502, at *16 (S.D. Ohio Sep. 29, 2019)

[2] With respect to Plaintiff's claims for violations of the FLSA and the OMFWSA, such claims are excluded from class actions and must be brought as a "collective action." 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); R.C. §4111.10(C) ("No employee shall join as a party plaintiff...unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought."); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). While Rule 23 requires the Court to conduct a fairness hearing pursuant to a class action settlement, this Court is persuaded by the reasoning and holding in *Gilstrap v. Sushinati, LLC*, 734 F.Supp.3d 710 (S.D. Ohio 2024) that courts do not have authority to reject settlements in collective actions under FLSA or OMFWSA. .

give them an opportunity to opt out. Fed. R. Civ. P. 23(e)(1). After the notice period is complete, the Court evaluates whether the settlement is fair, reasonable, and adequate, taking into account the class's response. Fed. R. Civ. P. 23(e)(2).

Courts assess a proposed class settlement to determine whether it is fair, reasonable, and adequate to class members. *McDonald v. Med. Mut. of Cleveland, Inc.*, 41 Ohio Misc. 158, 161, 324 N.E.2d 785, 788 (Ct. Com. Pl. 1974); *Toledo Fair Hous. Ctr. v. Nationwide Mut. Ins. Co.*, 94 Ohio Misc. 2d 186, 188, 705 N.E.2d 1, 2 (Ct. Com. Pl. 1998). Courts in the Sixth Circuit consider six factors when deciding whether to approve a settlement. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and amount of discovery completed; (3) the judgment of experienced trial counsel; (4) the nature of the negotiations; (5) any objections from class members; and (6) the public interest. *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 894–85 (6th Cir. 2019) (citing *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)). In evaluating whether to approve a Rule 23 settlement, courts in the Southern District of Ohio have considered:

1. Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;
2. The complexity, expense and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The judgment of experienced trial counsel;
5. The nature of the negotiations;
6. The objections, if any, raised by the class members; and
7. The public interest.

*See, e.g., Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 U.S. Dist. LEXIS 74994, *19-20 (S.D. Ohio May 30, 2012).

### 3. The Parties' Settlement is Fair, Reasonable, and Adequate

The Court has already scrutinized the parties' settlement and previously granted preliminary approval. *See* Doc. 29. To review, the settlement obligates Defendants to pay $250,000

3

inclusive of payments to all drivers performing yard work at the Defendant's Vandalia, Ohio and Huntsville, AL locations between January 15, 2021, and the date of settlement ("Claimants"), attorneys' fees, expenses, and service awards. *Id.* After fees, reimbursement of expenses, service awards, this fund will be divided on a prorated basis among the 86 Claimants based on the number of overtime hours worked. The Court previously determined that five of the six fairness factors favored approving the settlement. *Id.* The sixth factor, class member objections, could not be considered before the notice. Now that the notice process has been completed, this factor is ripe for consideration.

The notice period ran from February 14, 2025 through April 15, 2025. The Claims Administrator sent the approved notice via U.S. First-Class Mail and email to all Claimants. *See* Claims Administrator Decl., Doc. 30-1. For notices that were returned undeliverable, the Claims Administrator attempted to obtain an updated address for re-mailing, resulting in only two notices being returned undeliverable. *Id.* at ¶¶ 7-8. The Claims Administrator reported receiving zero requests for exclusion, zero disputes regarding workweeks, and zero objections to the Settlement. *Id.* at ¶9.

There were no objections and no requests for exclusion received by Class Counsel or the Court, and no objections were raised during the Final Fairness Hearing.

The Court therefore finds that all six fairness factors favor approval.

4. **Attorney's Fees, Advanced Litigation Costs, Settlement Administration Costs, and the Service Award.**

   4.1. **Service Award**

The Court preliminarily approved the requested service award, subject to evaluation in light of any objection. Doc. 29, PageID 294. There being no objections, the Court finds that the service award is reasonable.

4

### 4.2. Attorney's Fees

The Court also preliminarily approved Class Counsel's request for one-third of the settlement fund, subject to evaluation in light of any objection. *Id.* There being no objections, the Court finds that one-third of the settlement fund is a standard fee amount in a wage and hour case and approves the fee award.

### 4.3. Advanced Litigation Expenses

Class Counsel also asks that the Court award them an amount to reimburse them for their out-of-pocket litigation expenses. The expenses total $12,592.90. The Court finds that these expenses are reasonable and were necessary to advance the interests of the class. Accordingly, they are approved.

### 4.4. Administration Costs

Class Counsel requests that the Court approve $10,000 in settlement administration costs. This amount is reasonable and advances the interests of the class, so it is approved.

## 5. Conclusion

Having scrutinized the settlement, considered the relevant factors, and conducted a fairness hearing, the Court finds that the class settlement is fair, reasonable, and adequate. Accordingly, with respect to Plaintiff's and for damages pursuant to the Ohio Rev. Code § 4111.15 and Ohio Rev. Code § 2307.60, the Court:

1. Grants final approval of the class action settlement under Federal Rule of Civil Procedure 23 on behalf of the Settlement Class under the Settlement Agreement, defined as all shunt truck and/or yard truck drivers performing yard work at the Defendant's Vandalia, Ohio and Huntsville, Alabama locations between January 15, 2021, and July 15, 2024.

2. Approves Class Counsel's request for an award of attorney's fees of $83,333.33

and costs of $12,592.90 in advanced litigation expenses;

      3. Approves the $10,000 service award to Plaintiff Raymond Bond;

      4. Orders the parties to otherwise carry out the settlement agreement according to its terms;

      5. Dismisses Counts Three and Four with prejudice.

Plaintiff's claims for failure to pay overtime wages in violation of the Fair Labor Standards Act and for failure to pay overtime wages in violation of the Ohio Minimum Fair Wage Standards Act will remain pending until the parties' file a stipulation of dismissal as contemplated by the parties' Joint Response to the Court's Order to Show Cause. Doc. 32. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

IT IS SO ORDERED, this 5TH day of August 2025.

WALTER H. RICE
UNITED STATES DISTRICT JUDGE